JOHN M. BOLLINGER, PETITIONER-PROSECUTOR, v. WAGA-RAW BUILDING SUPPLY CO., RESPONDENT-DEFEND-ANT.

Submitted October 4, 1938—Decided January 27, 1939.

Before Justices CASE, DONGES and PORTER.

For the petitioner-prosecutor, *Nathan Rabinowitz* and *Isadore Rabinowitz*.

For the respondent-defendant, *Kalisch & Kalisch* (*Isidore Kalisch,* of counsel).

The opinion of the court was delivered by

PORTER, J. The writ of *certiorari* brings before us for review a judgment of the Bergen County Court of Common Pleas affirming a determination and order of the Workmen's Compensation Bureau in dismissing the petition of the prosecutor for compensation alleged to be due because of personal injuries suffered by him arising out of and in the course of his employment by accidental means.

The respondent was engaged in the manufacture of building blocks of sand, ashes and cement by machinery. The petitioner was employed by it in the operation of such machinery and while so engaged sand and ashes would accumulate where he was standing and some would get into his shoes, requiring him to empty them of it sometimes twice daily.

He testified that on July 15th, 1936, he found at the end of the day's work upon removing his sock that it stuck to a mole he had on his left foot and that a tan-colored stain was left on the mole where the sock had covered it and that there was sand and ashes around it. The mole was about the size of a dime on the outer aspect of the instep, about an inch above the little toe, and was congenital. He testified that in the afternoon of that day he had felt pain at the site of the mole, but that it did not bother him thereafter, except a "little bit," nor prevent his continuing at his work for several weeks. About four weeks later the mole started to ooze and he consulted a physician who advised him to go to the Paterson General Hospital. He did so two days later. He remained there for three days, during which time the mole was cut out. Six weeks later he returned to the hospital where a further and more extensive operation was performed on his foot and leg. The diagnosis of the attending physicians was that the petitioner was suffering from melanoma (cancer). He died of that disease after the judgment below.

A careful study of the testimony leads us to the conclusion that this condition was caused by the constant irritation of the mole by the sand and ashes with which it came into contact; that it was not of accidental origin within the meaning of the statute, but rather should perhaps be classed as an occupational disease, for which no compensation has been provided in the act. The testimony does not establish any accidental injury at any time, but does abundantly establish that the condition of the foot was the result of long-continued and daily irritation of the mole by the sand and ashes. True an approximate date is arrived at when the condition was first noticed, but that date is merely an approximation. The petition places it as July 1st; the testimony as of July 15th. But in view of the facts that the finding of the first symptoms, the sticking of the sock to the mole and the stain on the mole, were not accompanied with any fall, blow or other trauma and did not cause other symptoms or but slight discomfort for an appreciable time thereafter, lead to no other conclusion than that there was no accident which caused this dread disease or that caused a latent condition of disease to flare up.

Even the ability to fix with certainty the date when symptoms of disease are first noticed, standing alone does not establish accidental injury. *Cf. Liondale Bleach Works* v. *Riker*, 85 *N. J. L.* 426; *Smith* v. *International High Speed Steel Co.*, 98 *Id.* 574.

The judgment is affirmed, with costs.